IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVAHJIAH DE'VON DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00992-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondents. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* petitioner Davahjiah De'von Davis, a Texas prisoner, filed an application for habeas relief under 28 U.S.C. § 2254. Pet. (ECF No. 3). But Davis failed to exhaust his habeas claims in state court before filing his Petition. Accordingly, the District Judge should dismiss Davis's Petition without prejudice under Rule 4 of the Rules Governing § 2254 proceedings (Habeas Rule 4).

## Background

In 2024, Davis was convicted of two counts of aggravated robbery and sentenced to concurrent terms of 15 years' imprisonment. *See State v. Davahjiah De'von Davis*, F-23-20639; F-23-77165 (282nd Jud. Dist. Ct., Dallas Cnty., Sept. 12, 2024). He appealed to the Texas Court of Appeals for the Fifth District, which affirmed. *Davis v. State*, 2025 WL 2988741, at *1 (Tex. App.—Dallas, Oct. 23, 2025, no. pet.) (affirming his conviction in F-23-20639 and affirming the conviction in F-23-77165 as modified to delete duplicative costs). Davis did not seek

discretionary review with the Texas Court of Criminal Appeals. *See* Pet. at 2. Nor did he seek state habeas relief under Texas Code of Criminal Procedure Article 11.07. *Id.* at 3.

On March 26, 2026, Davis filed his application for federal habeas relief challenging his sentence and conviction in the F-23-20639 case. Pet. at 1. Davis alleges that his trial counsel was constitutionally ineffective for (1) operating under a conflict of interest with the trial judge, and (2) failing to obtain a "mental health attorney and military veterans attorney" for him. Pet. at 5.

## Legal Standards and Analysis

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citations omitted).

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This requires the

petitioner to submit the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Texas prisoners must present their claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b).

Here, Davis admits that he never presented his federal habeas claims to the Texas Court of Criminal Appeals through a petition for discretionary review or application for state habeas relief. Pet. at 2-3 (answering "no" to questions about whether he sought review from a higher state court after his direct appeal and whether he filed a habeas petition in state court). He argues that the Court should overlook his failure to exhaust because his attorney was ineffective for failing to present his claims on direct appellate review. But he fails to explain how his appellate counsel's supposed ineffectiveness shows an absence of available State corrective process or renders such process ineffective to protect his rights. Indeed, he could probably present his ineffective assistance of counsel claims to the Texas Court of Criminal Appeals now through a habeas petition under Article 11.07. *See, e.g.*, *Davis v. Thaler*, 2010 WL 549787, at *8 (N.D. Tex. Feb. 16, 2010) (McBryde, J.) ("[A] state postconviction habeas corpus application, and not direct appeal, is generally the appropriate vehicle for bringing forth ineffective assistance claims.")

(citing *Robinson v. State*, 16 S.W.3d 808, 810-11 (Tex. Crim. App. 2000)) (further citation omitted).

Because the Texas Court of Criminal Appeals has not had an opportunity to consider Davis's habeas claims, he failed to properly exhaust administrative remedies, and his federal habeas application should be dismissed without prejudice under Habeas Rule 4. *See*, *e.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.") (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005)).

### **Recommendation**

The District Judge should dismiss Davis's federal habeas application (ECF No. 3) under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust available state remedies.

SO RECOMMENDED

DATED April 6, 2026

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.